| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy                            06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Gritstone bio, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | FDBA  Gritstone Oncology, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 47-4859534 |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **5959 Horton Street, Suite 300** **Emeryville, CA 94608** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Alameda** | **Location of principal assets, if different from principal place of business** |
| | | County | Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | www.gritstonebio.com |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor  __Gritstone bio, Inc._____     Case number (*if known*)_____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
___5417___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

Debtor __Gritstone bio, Inc._____  Case number (*if known*)_____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $1,000,001 - $10 million
☐ $500,000,001 - $1 billion

Official Form 201         **Voluntary Petition for Non-Individuals Filing for Bankruptcy**         page 3

Debtor **Gritstone bio, Inc.**　　　　　　　　　　　　　　　　　　Case number (*if known*)
　　　　Name

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Gritstone bio, Inc.**                              Case number (*if known*)
          Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **10/10/2024**
             MM / DD / YYYY

X  **/s/ Celia Economides**                          **Celia Economides**
   Signature of authorized representative of debtor    Printed name

   Title  **Chief Financial Officer**

**18. Signature of attorney**

X  **/s/ James E. O'Neill**                          Date  **10/10/2024**
   Signature of attorney for debtor                         MM / DD / YYYY

**James E. O'Neill**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-4100**       Email address  **joneill@pszjlaw.com**

**4042 DE**
Bar number and State

Official Form 201           **Voluntary Petition for Non-Individuals Filing for Bankruptcy**           page 5

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS
OF GRITSTONE bio, INC.**
(a Delaware corporation)

**October 10, 2024**

Pursuant to Section 141(f) of the Delaware General Corporation Law, the undersigned, being all of the members of the Board of Directors (the "**Board**") of Gritstone bio, Inc., a Delaware corporation (the "**Company**"), by this instrument in lieu of a meeting of the Board hereby consent to the adoption of the following resolutions and hereby waive any notices required by law with respect hereto. The following resolutions will be effective when this Consent, or a counterpart hereof, is (i) signed by all of the members of the Board (including a written consent given by electronic transmission), and (ii) delivered to the Company for inclusion in the minutes for filing with the corporate records.

**WHEREAS**, the Board, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

**WHEREAS**, the Board has reviewed the historical performance of the Company, the Company's progress in its clinical trials, the potential market for the Company's product candidates, and the current and long-term liabilities of the Company;

**WHEREAS**, the Board has reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company; and

**WHEREAS**, the Board has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

**RESOLVED**, that the Company's Chief Executive Officer, Chief Financial Officer and EVP, Chief Business Officer, and such other officers of the Company as may be designated by any of them (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case and to enable the Company to conduct its operations consistent with its ordinary course of business to the extent permitted under the Bankruptcy Code.

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J.

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Pricewaterhouse Coopers LLP ("**PWC**") as the Company's financial advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PWC.

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Raymond James & Associates, Inc. ("**Raymond James**") as the Company's investment banker, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Raymond James.

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Fenwick & West LLP ("**Fenwick**") as the Company's corporate counsel, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Fenwick.

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of a claims, noticing, solicitation agent and administrative advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain a claims and noticing agent.

**RESOLVED**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or

immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper by the Authorized Officers.

**RESOLVED**, that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain permission to use existing cash collateral according to terms which may be negotiated by the management of the Company; and to pledge and grant liens on its assets as may be contemplated by or required under the terms of a cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate cash collateral agreements and related ancillary documents.

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement.

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature page follows]*

This consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Shefali Agarwal, M.D., M.P.H.

_____
Andrew Allen, M.D., Ph.D.

_____
Lawrence Corey, M.D.

_____
Clare Fisher

_____
Elaine V. Jones, Ph.D.

_____
Naiyer A. Rizvi, M.D.

_____
Stephen Webster

**[*SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF GRITSTONE bio, INC.*]**

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re **Gritstone bio, Inc.**          Case No.
                Debtor(s)              Chapter **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **1656634**.

2. The following financial data is the latest available information and refers to the debtor's condition on **August 31, 2024**.

   a. Total assets                                          $ **124,885,479.00**

   b. Total debts (including debts listed in 2.c., below)   $ **40,000,000.00**

   c. Debt securities held by more than 500 holders:[1]                                Approximate number of holders:

   | | | | | | |
   |---|---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | 0 |

   d. Number of shares of preferred stock [2]              0              0

   e. Number of shares common stock [3]                    122,787,732    0

   Comments, if any:
   [1] **Amounts reported for Debt securities are as of June 30, 2024.**
   [2] **10,000,000 Shares Authorized as of June 30, 2024; No shares outstanding at June 30, 2024 and December 31, 2023.**
   [3] **300,000,000 Shares Authorized at June 30, 2024; 117,787,732 shares issued and outstanding at June 30, 2024.**

3. Brief description of Debtor's business:
   **Gritstone bio, Inc., a clinical-stage biotechnology company, engages in developing vaccine-based immunotherapy candidates against cancer and infectious diseases.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **The Vanguard Group, DWS Investments UK Limited, Redmile Group, Versant Venture and affiliates.**

**Fill in this information to identify the case:**

Debtor name: **Gritstone bio, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Security Holders, and Creditor Matrix Certification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/10/2024        x  /s/ Celia Economides
                                 Signature of individual signing on behalf of debtor

                                 **Celia Economides**
                                 Printed name

                                 **Chief Financial Officer**
                                 Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Gritstone bio, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Worldwide Clinical Trials Inc<br>600 Park Offices Dr., Suite 200<br>Durham, NC 27709 | milena.cicovic@worldwide.com | Trade debt | | | | $622,566.00 |
| Beth Israel Deaconess Medical Center<br>330 Brookline Avenue, OV-540<br>Boston, MA 02215 | dbarouch@bidmc.harvard.edu | Trade debt | | | | $417,928.00 |
| Sanquin<br>Plesmanlaan 125<br>Amsterdam 1066 CX<br>Netherlands | M.Sener@sanquin.nl | Trade debt | | | | $300,000.00 |
| BMR-Sidney Research Campus LLC<br>17190 Bernardo Center Drive<br>San Diego, CA 92128 | michael.rosenberry@biomedrealty.com | Trade debt | Contingent | | | $297,451.00 |
| MuriGenics Inc.<br>941 Railroad Ave.<br>Vallejo, CA 94592 | noonans@murigenics.com | Trade debt | | | | $181,958.00 |
| Presidio Networked Solutions<br>P.O. Box 822169<br>Philadelphia, PA 19182-2169 | klaansma@presidio.com | Trade debt | | | | $165,996.00 |
| Fisher BioServices Inc.<br>P.O. Box 418395<br>Boston, MA 02241 | FBSFinance.AR@thermo.com | Trade debt | | | | $162,078.00 |
| Allucent (US) LLC<br>2000 Centregreen Way, Suite 300<br>Cary, NC 27513 | allucent_invoicing@allucent.com | Trade debt | | | | $112,453.00 |

Official form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims        page 1

Debtor **Gritstone bio, Inc.**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Fisher Scientific<br>13551 Collections Center Drive<br>Chicago, IL 60693 | fs.order@thermofisher.com | Trade debt | | | | $112,213.00 |
| Box Inc.<br>Dept 34666<br>P.O. Box 39000<br>San Francisco, CA 94139 | kmainz@box.com | Trade debt | | | | $109,152.00 |
| UniFirst Corporation<br>1933 Milmont Drive<br>Milpitas, CA 95035 | gregory_mazares@unifirst.com | Trade debt | | | | $101,970.00 |
| OnQ Research Pty LTD.<br>250 Market Street<br>Fairlands<br>Johannessburg 2170<br>SOUTH AFRICA | catherinel@onqsa.co.za | Trade debt | | | | $100,209.00 |
| ProPharma Group Holdings, LLC<br>PO BOX 735546<br>Dallas, TX 75373-5546 | Tom.Hunter@propharmagroup.com | Trade debt | | | | $80,002.00 |
| Meso Scale Diagnostics LLC<br>Accounts Receivable<br>P.O. Box 715112<br>Philadelphia, PA 19171-5112 | customerservice@mesoscale.com | Trade debt | | | | $70,936.00 |
| Triumvirate Environmental, Inc.<br>DEPT 111047<br>P.O. BOX 150502<br>Hartford, CT 06115-0502 | grosinski@triumvirate.com | Trade debt | | | | $57,647.00 |
| LifeSci Advisors, LLC<br>250 West 55th Street, Suite 3401<br>New York, NY 10019 | finance@lifesciadvisors.com | Professional services | | | | $53,357.00 |
| Smartsheet Inc.<br>PO Box 7410971<br>Chicago, IL 60674-0971 | daniel.callahan@smartsheet.com | Trade debt | | | | $50,010.00 |
| Certara USA, Inc.<br>100 Overlook Center Suite 101<br>Princeton, NJ 08540 | purchaseorders@certara.com | Trade debt | | | | $44,727.00 |

Debtor **Gritstone bio, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Add Life Facilities Services, Inc.** **2405 De La Cruz Blvd.** **Santa Clara, CA 95050** | info@addlifeserve.com | **Trade debt** | | | | $42,329.00 |
| **Element Materials Technology (EMT) Oakla** **P.O. BOX 855356** **Minneapolis, MN 55485-5356** | Mimi.Leong@element.com | **Trade debt** | | | | $42,090.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GRITSTONE BIO, INC.,[1] | Case No. 24-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

---

[1] The Debtor's mailing address is 5959 Horton Street, Suite 300, Emeryville, CA 94608, and the last four digits of the Debtor's federal tax identification number is 9534.

4886-2755-0950.1 32903.00001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GRITSTONE BIO, INC.,[1] | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| THE ALLEN REVOCABLE TRUST U/A/D 12/19/2013 | ADDRESS ON FILE | 2.27% |
| ANDREW ALLEN AS TTEE OF THE ALLEN 2019 ANNUITY TRUST | ADDRESS ON FILE | 0.66% |
| ROGER A. ALLEN | ADDRESS ON FILE | 0.04% |
| PATRICK BOGGON | ADDRESS ON FILE | 0.02% |
| CEDE & CO (FAST ACCOUNT) | PO BOX 20<br>BOWLING GREEN STATION<br>NEW YORK, NY 10004-1408 | 81.10% |
| TIMOTHY AN-THY CHAN | ADDRESS ON FILE | 0.08% |
| MARK COBBOLD | ADDRESS ON FILE | 0.08% |
| BRIAN CUNEO | ADDRESS ON FILE | 0.00% |
| GILEAD SCIENCES, INC. | 333 LAKESIDE DRIVE<br>FOSTER CITY, CA 94404 | 2.36% |
| MATTHEW HAWRYLUK | ADDRESS ON FILE | 0.29% |
| RICHARD HEYMAN | ADDRESS ON FILE | 0.11% |
| JOSHUA N. HOLIAN | ADDRESS ON FILE | 0.00% |
| DR. PAUL JARMAN | ADDRESS ON FILE | 0.03% |
| ERIN JONES | ADDRESS ON FILE | 0.02% |
| KARIN JOOSS | ADDRESS ON FILE | 0.65% |
| LAV ARIA LIMITED, ATTN YU LUO | ROOM 606-7 ST GEORGES BUILDING<br>2 ICE HOUSE STREET CENTRAL<br>HONG KONG | 0.31% |
| LAV AUSPICUM LIMITED, ATTN YU LUO | ROOM 606-7 ST GEORGES BUILDING<br>2 ICE HOUSE STREET CENTRAL<br>HONG KONG | 0.63% |

---

[1] The Debtor's mailing address is 5959 Horton Street, Suite 300, Emeryville, CA 94608, and the last four digits of the Debtor's federal tax identification number is 9534.

4886-2755-0950.1 32903.00001

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| LAV ZENITH LIMITED, ATTN YU LUO | ROOM 606-7 ST GEORGES BUILDING 2 ICE HOUSE STREET CENTRAL HONG KONG | 1.88% |
| GRAHAM MICHAEL LORD | ADDRESS ON FILE | 0.08% |
| KEITH MANCHESTER | ADDRESS ON FILE | 0.05% |
| DARSHAN MOROAK | ADDRESS ON FILE | 0.01% |
| OPINDER MOROAK | ADDRESS ON FILE | 0.01% |
| SIMON FAMILY VENTURES LP | 50 CLARK DRIVE SAN MATEO, CA 94401 | 0.02% |
| NICHOLAS SIMON | ADDRESS ON FILE | 0.04% |
| VERSANT VANTAGE LLP | ONE SANSOME STREET SUITE 3630 SAN FRANCISCO, CA 94104 | 2.72% |
| VERSANT AFFILIATES FUND V L.P. | ONE SANSOME STREET SUITE 3630 SAN FRANCISCO, CA 94104 | 0.17% |
| VERSANT OPHTHALMIC AFFILIATES FUND I | ONE SANSOME STREET SUITE 3630 SAN FRANCISCO, CA 94104 | 0.18% |
| VERSANT VENTURE CAPITAL V (CANADA) LP | ONE SANSOME STREET SUITE 3630 SAN FRANCISCO, CA 94104 | 0.42% |
| VERSANT VENTURE CAPITAL V L.P. | ONE SANSOME STREET SUITE 3630 SAN FRANCISCO, CA 94104 | 5.50% |
| ROMAN YELENSKY | ADDRESS ON FILE | 0.27% |
| **TOTAL** | | **100.00%** |

4886-2755-0950.1 32903.00001