## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GRITSTONE BIO, INC.,[1] | Case No. 24-12305 (KBO) |
| Debtor. | |

### MOTION FOR THE ENTRY OF AN ORDER
### (A) AUTHORIZING REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL
### REAL PROPERTY; (B) ABANDONING ANY REMAINING PERSONAL PROPERTY
### LOCATED AT THE LEASED PREMISES; AND (C) GRANTING RELATED RELIEF

> **IF YOU HAVE RECEIVED THIS MOTION
> AND ARE A COUNTERPARTY TO AN AGREEMENT WITH
> THE ABOVE-CAPTIONED DEBTOR, PLEASE REVIEW THIS MOTION
> IN ITS ENTIRETY, INCLUDING EXHIBIT A ATTACHED HERETO, TO DETERMINE
> IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtor and debtor in possession (the "Debtor") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtor to reject certain unexpired leases of non-residential real property (the "Leased Premises") identified on **Schedule 1** to **Exhibit A** (collectively, the "Leases") *nunc pro tunc* to the Rejection Effective Date; (b) authorizing the Debtor to abandon any remaining personal property located at the Leased Premises; and (c) granting related relief. In support of this Motion, the Debtor relies upon and refers this Court to the *Declaration of Celia Economides in Support of the Debtor's Chapter 11 Petition and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2] In further support of the Motion, the Debtor respectfully represents as follows:

---

[1]  The Debtor's mailing address is 4698 Willow Road, Pleasanton, CA 94588, and the last four digits of the Debtor's federal tax identification number is 9534.

[2]  A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtor confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

### A.       The Chapter 11 Case

4.       On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

4860-7604-2725.4 32903.00001

5.      A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's chapter 11 proceeding are set forth in the First Day Declaration filed contemporaneously herewith.

**B.      The Leases to Be Rejected**

6.      The Debtor is counterparty to three leases of non-residential property that are either unoccupied or no longer necessary to the Debtor's go forward business operations.  The premises are located in Cambridge, Massachusetts.

7.      The Debtor no longer requires the Leased Premises subject to this Motion and has determined, in its business judgment, that it is in its best interest to close the Leased Premises and reject the Leases.  For example, prior to the Petition Date, the Debtor vacated the Leased Premises because they are no longer necessary for the Debtor's operations going forward.

8.      As of the date of Petition Date, the Debtor has vacated the Leased Premises and surrendered the Leased Premises to the applicable landlord.  In the event any of the Debtor's property remains at the Leased Premises, it is of *de minimis* value and the Debtor seeks, pursuant to this Motion, to abandon any such remaining property.

9.      On October 9, 2024, the Debtor delivered, via email and overnight mail, a letter to the landlords of the Leased Premises indicating its irrevocable intent to surrender possession of the Leased Premises and coordinating the return of the keys to the Leased Premises.

10.      The Leases provide no benefit to the Debtor or its estate, regardless of the restructuring path of this Chapter 11 Case.  By rejecting the Leases, the Debtor will save the estate significant amounts in rent and associated costs every month.  Absent rejection, the Debtor would be obligated to pay rent under the Leases even though they have ceased operations at, and will no longer be in possession of, the Leased Premises.

3

**C.**     **The Abandoned Personal Property**

11.     In conjunction with the decision to cease operations at the Leased Premises, the Debtor evaluated the remaining personal property belonging to its estate located at the Leased Premises.  The Debtor has determined that any personal property remaining at the Leased Premises is (a) of inconsequential value or (b) the cost of removing and storing such personal property for future use, marketing, or sale exceeds its value to the Debtor's estate.  Moreover, any remaining personal property is no longer necessary for the Debtor's business operations or the administration of the Debtor's estate.

12.     Accordingly, to reduce postpetition administrative costs, and in the exercise of the Debtor's sound business judgment, the Debtor believes that the abandonment of the remaining personal property is appropriate and in the best interest of the Debtor, its estate, and its creditors.

## RELIEF REQUESTED

13.     By this Motion, the Debtor seeks the entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) authorizing  the  Debtor  to reject the Leases for the Leased Premises effective as of the Petition Date; (b) authorizing the Debtor to abandon any remaining personal property located at the Leased Premises; and (c) granting related relief.

## BASIS FOR RELIEF

**A.**     **Rejection of the Leases Is Appropriate**

14.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection

4

of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).   Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985).   Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

15.     Rejection of an unexpired lease is appropriate where such rejection would benefit the estate.  *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).   Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a).  *See In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

16.     The Leases are not sources of potential value for the Debtor's estate or stakeholders. The Debtor's obligations to pay, for example, postpetition rent eliminates any potential value of the Leases to the Debtor's estate—including any potential value from an assignment or sublease. Accordingly, the Debtor has determined that the Leases constitute an unnecessary drain on the

Debtor's resources and, therefore, rejection of the Leases reflects the Debtor's exercise of sound business judgment.

**B.      Rejection as of the Petition Date Is Appropriate**

17.      Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

6

18.     In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

19.     Here, the balance of equities favors rejection of the Leases effective as of the Petition Date.  Without such relief as to the Leases, the Debtor will potentially incur unnecessary administrative expenses related to agreements that provide no benefit to the Debtor's estate.  *See* 11 U.S.C. § 365(d)(3).  The landlords of the Leased Premises will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  Possession of the Leased Premises was delivered to the landlord on, or prior to, the Petition Date, with an unequivocal and irrevocable statement of surrender and abandonment of the applicable Leased Premises.  Contemporaneously with the filing of this Motion, the Debtor will cause notice of this Motion to be served on each landlord to the Leased Premises, thereby allowing landlords sufficient opportunity to respond accordingly.

20.     Courts in this jurisdiction have approved relief similar to that requested herein.  *See, e.g., In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases *nunc pro tunc* to petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to specified dates); *In re Charming Charlie Holdings, Inc.*, No.

7

17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc pro tunc* to specified date); *In re Samson Resources Corporation*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to petition date).

21.     Accordingly, the Debtor respectfully submits that the Court should deem the Lease rejected, effective as of the Petition Date.

**C.     <u>The Abandonment of Personal Property is Appropriate</u>**

22.     Further, the abandonment of the remaining personal property the Leased Premises is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.*  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *See id.*

23.     Before deciding to abandon any personal property, the Debtor determined that the costs of moving, storing, marketing, and/or selling such personal property outweighed any benefit to the Debtor's estate.  Further, any efforts by the Debtor to move or market the Personal Property could unnecessarily delay the Debtor's surrender of the Leased Premises and the rejection of the Leases.  Accordingly, it is in the best interest of the Debtor and its estate for the Debtor to be able to abandon any remaining personal property located on the Leased Premises.

4860-7604-2725.4 32903.00001

24.     Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 4, 2019) (authorizing the Debtor to abandon personal property in connection with lease rejection); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (same); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same).

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

25.     The Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

26.     The Debtor will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor (on a consolidated basis); (c) prepetition secured lender; (d) the United States Attorney's Office for the District of Delaware; (e) the state attorneys general for all states in which the Debtor conduct business; (f) Counterparties to the Leases; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

27.     The Debtor has not made any prior request for the relief sought herein to this Court or any other court.

4860-7604-2725.4 32903.00001

## <u>CONCLUSION</u>

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially

in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and

further relief as the Court may deem just and proper.

Dated: October 10, 2024                PACHULSKI STANG ZIEHL & JONES LLP


*/s/ James E. O'Neill*
Debra I. Grassgreen, *(Pro Hac Vice* forthcoming*)*
John W. Lucas, *(Pro Hac Vice* forthcoming*)*
Malhar S. Pagay, *(Pro Hac Vice* forthcoming*)*
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
Email:     dgrassgreen@pszjlaw.com
               jlucas@pszjlaw.com
               mpagay@pszjlaw.com
               joneill@pszjlaw.com

*Proposed Counsel to the*
*Debtor and Debtor in Possession*

4860-7604-2725.4 32903.00001