# EXHIBIT A

## Proposed Order

4860-7604-2725.4 32903.00001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GRITSTONE BIO, INC.,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No. 24-12305 (KBO)<br><br>**Related Docket No.** |

**ORDER (A) AUTHORIZING REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO THE PETITION DATE; (B) ABANDONING ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), for the entry of an order (this "Order"): (a) authorizing the Debtor to reject the Leases *nunc pro tunc* to the Rejection Effective Date listed on **Schedule 1** annexed hereto; (b) authorizing the Debtor to abandon any remaining personal property located at the Leased Premises; and (c) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the

---

[1] The Debtor's mailing address is 4698 Willow Road, Pleasanton, CA 94588, and the last four digits of the Debtor's federal tax identification number is 9534.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

4860-7604-2725.4 32903.00001

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Leases shall each be deemed rejected as of the Petition Date.

3. The Debtor is authorized to abandon any remaining personal property located at the Leased Premises pursuant to section 554(a) of the Bankruptcy Code.

4. Within three (3) calendar days after entry of this Order, the Debtor will serve this Order on the counterparty to each Lease.

5. With respect to the Leases listed on **Schedule 1** hereto, any personal property remaining at the leased premises as of the Rejection Effective Date shall be deemed abandoned and the landlord shall be free to dispose of such abandoned property in its sole and absolute discretion without notice or liability to the Debtor or any third parties.

6. The landlords of any Lease rejected by this Order may use or dispose of the abandoned property in their sole and absolute discretion without notice or liability to the Debtor or its estate, subject to the liens or other interests of any third parties in the abandoned property under applicable law; provided that the Debtor shall provide each Counterparty, as soon as commercially reasonable, in any event no later than three (3) business days following entry of this Order, a list of all third parties known by the Debtor, to the best of their knowledge, to have asserted a lien or interest in any abandoned property. The rights, claims, and remedies, if any, of all persons other than the Debtor and its estate with respect to the abandoned property under applicable law are hereby preserved.

7. Counterparties to the Leases that are rejected pursuant to this Order must file a proof of claim relating to the rejection of such Leases, if any, by the later of (a) any applicable claims

bar date established in this Chapter 11 Case, or (b) 30 days after entry of this Order. The Debtor reserves all rights to contest any such claim and to contest the characterization of each Contract or Lease, as executory or not, and to contest whether such Lease may have terminated prior to the Petition Date or otherwise, or may not have been effective prior to the Petition Date or otherwise.

8. The Debtor reserves its right to assume, assign, or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10. Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## SCHEDULE 1

## Rejected Leases

| Counterparty | Counterparty Address | Location of Leased Premise | Contract Description | Effective Date |
|---|---|---|---|---|
| BMR-Sydney Research Campus, LLC | BMR-Sidney Research Campus LLC<br>17190 Bernardo Center Drive<br>San Diego, California 92128<br>Attn: Real Estate Legal Department | 40 Erie Street, Cambridge, MA | Lease between BMR-Sydney Research Campus, LLC and Gritstone bio, Inc., dated February 11, 2016. | October 10, 2024 |