IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GRITSTONE BIO, INC., | : | Case No. 24-12305 (KBO) |
| | : | |
| Debtor. | : | Relates to Doc. No. 711 |
| | : | |

## RESPONSE IN OPPOSITION TO REORGANIZED DEBTOR'S OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (RECLAMATION CLAIMS)

Fisher BioServices, Inc. ("**Fisher**") and Life Technologies Corporation ("**Life Tech**" and together with Fisher, the "**Fisher Entities**"), by and through their undersigned counsel, file this *Response in Opposition to Reorganized Debtor's Omnibus Objection (Substantive) to Certain Claims (Reclamation Claims)* (the "**Response**"), and state as follows.

## BACKGROUND

1. On October 10, 2024 (the "**Petition Date**"), the Debtor, Gritstone Bio, Inc. ("**Debtor**") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") at the above-captioned case number.

2. Fisher and Life Tech are each a counterparty to certain ongoing executory contracts (collectively, the "**Fisher Agreements**") with the Debtor for products purchased by or services provided to the Debtor before the Petition Date.

**A.    Life Tech Reclamation Demand**

3. On October 29, 2024, Life Tech sent a Reclamation Demand Letter (the "**Life Tech Reclamation Demand**") to the Debtor, pursuant to Section 2-702 of the Uniform Commercial Code and Section 546(c) of the United States Bankruptcy Code, demanding the segregation and return of all goods of any kind or character (the "**Life Tech Goods**") received by

the Debtor from Life Tech from August 26, 2024, through October 10, 2024 (the "**Reclamation Period**").  The amount of the Life Tech Reclamation Demand totaled $31,421.55.

4. Despite the demand made by Life Tech, the Debtor failed to segregate and return the Life Tech Goods to Life Tech.

5. On January 15, 2025, Life Tech filed its Claim No. 124 on the Claims Register, asserting a total claim in the amount of $31,425.55 (the "**Life Tech Claim**"), itemized as follows:  (a) an administrative priority claim pursuant to 503(b)(2) of $24,893.75, as set forth in the Life Tech Reclamation Demand (the "**Life Tech Reclamation Claim**"), and (b) an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code of $6,527.80, which amount was also included in the Life Tech Reclamation Demand (the "**Life Tech 503(b)(9) Claim**").

6. On April 30, 2025, Life Tech filed its Request for Payment of Administrative Expense, again asserting the Life Tech Reclamation Claim and the Life Tech 503(b)(9) Claim. [Doc. No. 659.]

7. While the Life Tech 503(b)(9) Claim was paid in full by the Debtor, the Life Tech Reclamation Claim remains outstanding.

**B.    Fisher Reclamation Demand**

8. On November 1, 2024, Fisher sent a Reclamation Demand Letter (the "**Fisher Reclamation Demand**" to the Debtor, pursuant to Section 2-702 of the Uniform Commercial Code and Section 546(c) of the United States Bankruptcy Code, demanding the segregation and return of all goods of any kind or character (the "**Fisher Goods**" and together with the Life Tech Goods, the "**Goods**") received by the Debtor during the Reclamation Period.  The amount of the Fisher Reclamation Demand totaled $22,920.75.

2

9. Despite the demand made by Fisher, the Debtor failed to segregate and return the Life Tech Goods to Fisher.

10. On January 13, 2025, Fisher filed its Claim No. 109 on the Claims Register, asserting a claim in the total amount of $110,691.56 (the "**Fisher Claim**"), itemized as follows: (a) an unsecured claim of $72,507.93, (b) an administrative priority claim pursuant to 503(b)(2) of $27,060.78, as set forth in the Fisher Reclamation Demand (the "**Fisher Reclamation Claim**"), and (c) an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code of $11,122.85, which amount had also been included in the Fisher Reclamation Demand (the "**Fisher 503(b)(9) Claim**").

11. On April 30, 2025, Fisher filed its Request for Payment of Administrative Expense, again asserting the Fisher Reclamation Claim and the Fisher 503(b)(9) Claim. [Doc. No. 658.]

12. While the Fisher 503(b)(9) Claim was paid in full by the Debtor, the Fisher Reclamation Claim remains outstanding.

**C.    The Debtor's Objection to Claims**

13. On July 11, 2025, the Debtor filed its Omnibus Objection (Substantive) to Certain Claims (Reclamation Claims) to the Fisher Reclamation Claim and the Life Tech Reclamation Claim (the "**Objection to Claims**"), asserting that each should be reclassified as a non-priority general unsecured claim because the Debtor's Prepetition Secured Lenders are undersecured.[1]

---

[1] Debtor also alleges that the Fisher Reclamation Demand was untimely filed. While Fisher disputes that the Fisher Reclamation Demand was untimely, Fisher acknowledges that the Fisher Reclamation Demand was sent to the Debtor on November 1, 2024.

3

## RESPONSE TO OBJECTION TO CLAIMS

14. The Life Tech Rejection Claim and the Fisher Rejection Claim are based upon the Fisher Entities' rights under section 546(c) of the Bankruptcy Code and section 2-702 of the Uniform Commercial Code (the "**UCC**"), which provides, in relevant part, that "[w]here the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply." UCC § 2-702.

15. Section 2-702 of the UCC renders a seller's right to reclamation subordinate to the rights of a perfected after-acquired security interest in inventory; however, "subordinate" does not mean "extinguished". *Allegiance Healthcare Corp. v. Primary Health Sys. (In re Primary Health Sys.)*, 258 B.R. 111, 113 (Bankr. D. Del. 2001).

16. "Where a secured creditor has a floating lien on all of a debtor's inventory and its claim exceeds the value of the inventory, a creditor's reclamation right is valueless and the reclamation creditor is not entitled to receive an administrative or secured claim . . . ." *Id.* at 118.

17. The Fisher Entities do not dispute that their reclamation rights are subordinate to that of the Prepetition Secured Lenders holding a blanket lien on substantially all of the Debtors' assets.

18. However, the Fisher Entities do dispute whether the Prepetition Secured Lenders were undersecured, as the Debtor asserts, at the relevant time that the Fisher Entities' reclamation rights must be determined.

19. In a bankruptcy proceeding, the rights of the reclaiming creditor must be determined **at the time the reclamation demand is made**. *Id.* (citing *Toshiba America, Inc. v.*

*Video King of Illinois, Inc. (In re Video King of Illinois, Inc.)*, 100 B.R. 1008, 1014 (Bankr. N.D. Ill. 1989)).

20. In this instance, the Fisher Entities made their reclamation demands on October 31, 2024, and November 1, 2024. Less than two weeks later, on November 15, 2024, the Debtor filed its bankruptcy schedules (the "**Schedules**"). Schedule A/B represents that the Debtor had assets with an aggregate value of $1,149,870,404.82 as of the Petition Date. In turn, the Debtor represented that its total liabilities equaled $55,933,839.23, of which $41,327,099.19 constituted secured claims. [Doc. No. 193, at 18]. No amendments to the Schedules were filed subsequent to November 15, 2024.

21. Based on the Debtor's stated assets and liabilities set forth in its Schedules, the secured creditor holding a lien on substantially all of the Debtor's assets was *oversecured* at the time at which the reclamation demands were made, which is the relevant time that must be considered when determining the Fisher Entities' reclamation rights. *See, e.g.*, *Primary Health*, 248 B.R. at 118 (denying debtor's motion for summary judgment, finding that a disputed issue of material fact existed as to whether the secured lenders were undersecured, even where almost all of debtor's assets were liquidated in the 16 months after the reclamation demand was made).

22. Thus, even if, as alleged by the Debtor, the liens of the Prepetition Secured Lenders exceeded the value of the underlying collateral at the time the Debtor's plan was filed, as the Debtor alleges in its Objection to Claims, for purposes of classifying the Fisher Reclamation Claim and the Life Tech Reclamation Claim, the Court must consider the value of the collateral as stated in the Schedules.

23. For this reason, Fisher and Life Tech are entitled to administrative expense claims, and the Objection to Claims should be overruled.

WHEREFORE, the Fisher Entities respectfully request that this Honorable Court enter an order overruling the Omnibus Objection (Substantive) to Certain Claims (Reclamation Claims) and granting such other and further relief as the Court deems just and proper.

Dated: August 1, 2025
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

/s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, DE 19801
302-442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Beverly Weiss Manne, Esq. (admitted *pro hac*)
Maribeth Thomas, Esq. (admitted *pro hac*)
Joanna D. Studeny, Esq.
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
Phone:    412-594-5525
Fax:      412-594-5619
Email:    bmanne@tuckerlaw.com
            mthomas@tuckerlaw.com
            jstudeny@tuckerlaw.com

*Counsel for Fisher BioServices, Inc. and Life Technologies Corporation*